IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TODD FERGUSON,<br>*Plaintiff* | §<br>§<br>§ | |
| -vs- | §<br>§ | SA-24-CV-00862-XR |
| COMAL COUNTY, DEPUTY SETH MORRIS, IN HIS OFFICIAL CAPACITY; AND DEPUTY JAMES JENKINS, IN HIS OFFICIAL CAPACITY;<br>*Defendants* | §<br>§<br>§<br>§<br>§ | |

## ORDER ON MOTION TO DISMISS

On this date, the Court considered Defendants' motion to dismiss (ECF No. 4) and Plaintiff's response (ECF No. 5). After careful consideration, the Court **GRANTS** the motion.

## BACKGROUND

This action under 42 U.S.C. § 1983 arises out of Plaintiff Todd Ferguson's arrest in his home on the evening of January 19, 2023, by Comal County Sheriff's Deputies James Jenkins and Seth Morris (together, the "Deputies").

Plaintiff alleges that, at around 9:00 p.m., Jenkins rang the doorbell at Plaintiff's home in Comal County. ECF No. 1 ¶ 13. Without opening the door, Plaintiff asked the person ringing the doorbell to identify himself. *Id.* ¶ 14. Jenkins responded, "Comal Sheriff's Department." *Id.* ¶ 15. When Plaintiff asked what he wanted, Jenkins said that he wished to speak with Plaintiff, and Plaintiff cracked the door open to determine why the Deputy was outside of his home. *Id.* ¶¶ 16–17. When Jenkins asked Plaintiff about a car being delivered to him, Plaintiff replied that he "does not answer questions" and attempted to close the door to his home. *Id.* ¶¶ 18–19.

Plaintiff alleges that, without consent, a warrant, or exigency, the Deputies immediately forced their way through Plaintiff's door. *Id.* ¶ 20. Jenkins pointed his taser at Plaintiff's chest as Plaintiff stepped backwards into the foyer of his home. *Id.* ¶ 21. Jenkins grabbed Plaintiff's left

arm and Morris grabbed his right arm, and the Deputies forced Plaintiff out of his home and onto the front porch. Jenkins handcuffed Plaintiff, disarmed him of his holstered (and lawfully possessed) handgun, told him that he was under arrest for "robbery," and put him in the back of a patrol unit. *Id.* ¶¶ 24–26. Plaintiff, a "well-known government accountability activist," alleges that Jenkins manufactured probable cause based on false statements from some unknown person in New Jersey who was not even a witness to the alleged robbery. *See id.* at ¶¶ 12, 27–29.

In his original complaint, the operative pleading, Plaintiff has sued Comal County and, in their official capacities, Jenkins and Morris, under 42 U.S.C. §1983. *See* ECF No. 1 at 1. Plaintiff asserts that all three Defendants are liable for (1) excessive force, (2) unlawful arrest, and (3) unlawful search and seizure, all in violation of his rights under the Fourth Amendment, and (4) and violations of his due process and equal protection rights under the Fourteenth Amendment. *See id.* ¶¶ 30–61.

Defendants move to dismiss the complaint, arguing that Plaintiff has failed to state a claim for municipal liability against the County under the standard set forth in *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978), and the "Official Capacity" claims against the Deputies constitute legally redundant claims against the County. ECF No. 4. Anticipating an amended complaint naming the Deputies in their personal capacities, Defendants' motion also asserts that Plaintiff's excessive force claims against the Deputies would be barred by the doctrine of qualified immunity. To date, Plaintiff has not filed an amended complaint naming Defendants in their individual capacities. Instead, Plaintiff filed an untimely response to the motion to dismiss, abandoning his claims against Comal County and asserting that he has adequately alleged an excessive force claim. *See* ECF No. 5.

**DISCUSSION**

I.  **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain a recovery") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions'

3

devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to the plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

## II.   Analysis

### A.   Plaintiff's *Monell* Claims and Official Capacity Claims

Plaintiff has abandoned his *Monell* claims against Comal County. *See* ECF No. 5 at 11. Accordingly, those claims are dismissed.

"A suit against a county official in his official capacity is equivalent to a suit against the county; the official is only distinct when sued in his individual capacity." *Niter on Behalf of Williams v. Brown*, No. 3:23-CV-1621-S, 2024 WL 4315030, at *10 (N.D. Tex. Sept. 25, 2024) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

Because the suit against Jenkins and Morris in their official capacities is, "in essence, a suit against the municipality," Plaintiff's abandonment of his claims against Comal County "applies equally to the [Deputies] sued in their official capacities." *Brumfield v. Hollins*, 551 F.3d 322, 331 n.9 (5th Cir. 2008) (citation omitted). Having already dismissed Plaintiff's claims against Comal County, the Court also dismisses any claims against the Deputies in their official capacities.

### B.   Leave to File an Amended Complaint

The Federal Rules of Civil Procedure permit liberal amendment of pleadings. Rule 15(a) provides that "a party may amend its pleading with . . . the court's leave" and that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Although a district

court should generally give a plaintiff at least one chance to amend under Rule 15(a), it is within the sound discretion of the district court to deny a motion to amend when amendment would be futile. *See Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (While "the language of [Rule 15(a)] evinces a bias in favor of granting leave to amend, . . . a district court need not grant a futile motion to amend.") (internal quotation marks and citations omitted).

Should Plaintiff wish to amend his complaint to assert claims against the Deputies in their *individual* capacities, he must allege sufficient facts in the amended pleading to overcome qualified immunity. *Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020) ("[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity.") (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)).

Qualified immunity protects public officials from suit and liability for damages under § 1983 unless their conduct violates a clearly established constitutional right. *Mace v. City of Palestine,* 333 F.3d 621, 623 (5th Cir. 2003). In addressing whether qualified immunity applies, courts engage in a two-step inquiry, determining (1) whether a federal statutory or constitutional right was violated on the facts alleged; and (2) whether the defendant's actions violated clearly established rights of which a reasonable person would have known. *Id.* at 623–24. The two steps of the qualified-immunity inquiry may be performed in any order. *Pearson v. Callahan,* 555 U.S. 223, 236 (2009).

Under the second step of the inquiry, "[a] Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right."

*Ashcroft v. al-Kidd,* 563 U.S. 731, 741 (2011) (citations, quotation marks and alteration marks omitted). The Court does not need "a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* Clearly established law is not determined "at a high level of generality." *Id.* at 742. Instead, "[t]he dispositive question is 'whether the violative nature of particular conduct is clearly established.'" *Mullenix v. Luna,* 511 U.S. 7, 12 (2015) (citation and emphasis omitted). The inquiry must look at the specific context of the case. *Id.*

"The central concept is that of 'fair warning': The law can be clearly established 'despite notable factual distinctions between the precedents relied on and the cases then before the Court, so long as the prior decisions gave reasonable warning that the conduct then at issue violated constitutional rights.'" *Kinney v. Weaver*, 367 F.3d 337, 350 (5th Cir. 2004) (internal quotations and citation omitted). Courts must judge the reasonableness of an officer's conduct by taking into account the "'tense, uncertain, and rapidly evolving'" circumstances in which officers must often "'make split-second judgments . . . about the amount of force that is necessary in a particular situation.'" *Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). From this perspective, courts should examine the objective reasonableness of an officer's belief that his or her conduct was lawful under the circumstances.

The Court agrees with Defendants that permitting Plaintiff to amend his complaint to allege an excessive force claim against the Deputies in their individual capacities would be futile. To succeed on an excessive force claim, a plaintiff bears the burden of showing: (1) an injury (2) which resulted directly and only from the use of force that was excessive to the need and (3) the force used was objectively unreasonable. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001).

Thus, "a plaintiff asserting an excessive force claim is required to have suffered at least some form of injury." *Id.*

The Fifth Circuit has held that minor, incidental injuries that occur in connection with the use of handcuffs to effectuate an arrest do not give rise to a constitutional claim for excessive force. *Freeman v. Gore*, 483 F.3d 404, 417 (5th Cir. 2007); *see also Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005); *Clark v. City of Burleson*, No. 3:19-CV-2126-K, 2020 WL 635842, at *4 (N.D. Tex. Feb. 11, 2020) ("Temporary pain from handcuffing does not constitute excessive force. Nor does merely pointing [but not using] a taser gun.").

Plaintiff insists that any contact with the Deputies constituted excessive force under the circumstances because the search and seizure violated his constitutional rights:

> Plaintiff's "injury" was to his constitutional rights to be free of illegal search and seizure[.] Additionally, police officers tightened the handcuffs so tightly in retaliation to Mr. Ferguson's refusal to assist with their investigation that Mr. Ferguson suffered injury to his wrists. Because Defendants had no legal basis for touching and attacking Plaintiff at all, making any use of force "excessive."

ECF No. 5 at 11.

But the law is clear that plaintiff cannot merely claim that "because the arrest was allegedly in bad faith, any use of force is excessive under the *Graham* balancing test." *Clark*, 2020 WL 635842, at *4 (citing *Graham*, 490 U.S. at 390 (applying a four-factor test to determine whether the use of force was excessive to the need)). Indeed, an officer may face liability for excessive force even where an arrest is clearly justified. *See, e.g.*, *Gomez v. Hernandez*, No. SA-20-CV-01252-XR, 2022 WL 17331263, at *5 (W.D. Tex. Nov. 28, 2022) (denying summary judgment on excessive force claim after plaintiff pled nolo contendere to resisting arrest). Similarly, an officer may be justified in his use of force to effect an arrest even when the arrest itself was invalid. *See Freeman*, 483 F.3d at 416–17 ("That the deputies' arrest of Freeman was unlawful on the facts

7

alleged does not, however, mean that any force used by the deputies to effectuate the arrest was necessarily excessive."). Instead, excessive force claims are "separate and distinct from" unlawful arrest claims, and the Courts must analyze a claim for excessive force without regard to whether the arrest itself was justified. *Id.*

In any event, the Court does not reach the remaining elements of the excessive force analysis because Plaintiff has failed on the first element. *See Freeman*, 483 F.3d at 417. Plaintiff has not properly alleged a cognizable injury resulting from any allegedly excessive force. It would thus be futile to grant Plaintiff leave to assert excessive-force claims against the Deputies in their individual capacities. With respect to his remaining claims, however, Plaintiff may file an amended complaint naming the Deputies in their individual capacities.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's complaint (ECF No. 4) is **GRANTED**.

However, Plaintiff is granted leave to file an amended complaint curing the deficiencies identified in this order by **<u>no later than December 9, 2024.</u> Failure to file an amended complaint by that date or seek an extension of time to do so will result in the dismissal of this action <u>with prejudice</u>**.

It is so **ORDERED**.

**SIGNED** this 18th day of November, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE